IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31371
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BILLY JOE HENDRIX,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-30002-ALL
--------------------
June 13, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Billy Joe Hendrix appeals after being convicted of
conspiracy to distribute cocaine and cocaine base and of related
substantive cocaine-distribution offenses.  He argues (1) that a
fatal variance existed between the indictment, which alleged a
single conspiracy, and the proof at trial, which purportedly
established three separate conspiracies, and (2) that 21 U.S.C.
§§ 841, 846 are facially unconstitutional in light of Apprendi v.

----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

New Jersey, 530 U.S. 466 (2000), because Congress intended the facts that determine the maximum sentence under the statutes to be sentence enhancements rather than elements of separate offenses.

Hendrix's two arguments are unavailing. Based on the testimony adduced at trial, a reasonable jury would not have been precluded from finding a single conspiracy beyond a reasonable doubt. See United States v. Morrow, 177 F.3d 272, 291 (5th Cir. 1999). Moreover, even assuming that a variance existed, Hendrix has not shown that it prejudiced his substantial rights. See id. Contrary to his assertion otherwise, the conspiracy count of the indictment was sufficiently specific to protect him from a subsequent prosecution for the same offense. See United States v. Gonzalez, 661 F.2d 488, 492-93 (5th Cir. 1981).

As Hendrix acknowledges, his second argument regarding the constitutionality of 21 U.S.C. §§ 841, 846 in light of Apprendi is foreclosed by circuit precedent. See United States v. Fort, 248 F.3d 475, 482-83 (5th Cir.), cert. denied, 122 S. Ct. 405 (2001). Hendrix states that he raises the issue solely to preserve it for further review. Accordingly, the district court's judgment is AFFIRMED.